IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| PROVIDENCE HALL ASSOCIATES LIMITED PARTNERSHIP,<br><br>        *Plaintiff*,<br><br>v.<br><br>MARC E. ALBERT,<br><br>        *Defendant*. | Civil No. 1:19-cv-112<br><br>Hon. Liam O'Grady |

## ORDER

This matter comes before the Court on the Report and Recommendation (R&R) issued by United States Bankruptcy Judge Brian F. Kenney on December 21, 2018 (Dkt. 22). Judge Kenney recommended that Plaintiff's suit against Defendant, Plaintiff's former trustee, be dismissed as barred by the *Barton* doctrine and the statute of limitations. Plaintiff timely objected to the R&R, and Defendant timely responded to Plaintiff's objections. The Court has reviewed all the relevant pleadings, the supporting documents, and the case law, and finds good cause to **ADOPT** the findings and recommendations of Judge Kenney.

Plaintiff objects to four of Judge Kenney's conclusions of law. First, Plaintiff contends that bankruptcy judges lack the authority to require *Barton* doctrine authorization of suits raising *Stern* claims.[1] Second, Plaintiff argues Judge Kenney erred in concluding that the *Barton* doctrine applies to cases removed from state court to bankruptcy court. Third, Plaintiff objects to Judge Kenney's statement that the *Barton* doctrine "compels" dismissal of Plaintiff's Complaint. Fourth, Plaintiff disputes Judge Kenney's finding that the statute of limitations began to run on

---

[1] A *Stern* claim is "a claim the bankruptcy court is statutorily but not constitutionally authorized to decide and for which it has not received the parties' consent to proceed." *In re Renewable Energy Dev. Corp.*, 792 F.3d 1274, 1282 (10th Cir. 2015) (Gorsuch, J.).

1

the date the underlying bankruptcy case was dismissed rather than the later date when the case was administratively closed and the Trustee was discharged.

Pursuant to Federal Rule of Bankruptcy Procedure 9033(d), the Court undertook a *de novo* review of Judge Kenney's conclusions of law as to these issues. Fed. R. Bankr. P. 9033(d) (stating that when a party objects to a bankruptcy judge's R&R, the district court conducts a *de novo* review "of any portion of the bankruptcy judge's findings of fact or conclusions of law to which specific written objection has been made"). The Court agrees with Judge Kenney's conclusions.

Judge Kenney properly found that the *Barton* doctrine applies to cases raising *Stern* claims. In *Villegas v. Schmidt*, the Fifth Circuit compellingly held that parties are still required to seek approval from the relevant bankruptcy court prior to filing *Stern* claims against trustees under the *Barton* doctrine. 788 F.3d 156, 158 (2015). The *Barton* doctrine establishes a jurisdictional bar to filing suit against a trustee, and thus does not violate a plaintiff's right for the merits of properly filed *Stern* claims to be resolved by a district court. *See* Fed. R. Civ. P. 41(b) (noting that a dismissal for lack of jurisdiction is not an adjudication on the merits); *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("[A] court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.").

Judge Kenney also correctly determined that the *Barton* doctrine compels dismissal of Plaintiff's complaint even though it was removed to the bankruptcy court which appointed the Trustee-Defendant. The *Barton* doctrine was designed to protect Defendant from the need to take *any* action to defend himself from a suit filed in state court unless the suit was pre-authorized by the bankruptcy court that appointed him. *See McDaniel v. Blust*, 668 F.3d 153, 157–58 (4th Cir.

2

2012) (explaining that one of the purposes behind the *Barton* doctrine is to protect trustees from the costs and hassle of unmeritorious litigation); *In re Summit Metals, Inc.*, 477 B.R. 484, 494–98 (D. Del. 2012) (holding that *Barton* doctrine issues are not cured by removal to a bankruptcy court); *In re Herrera*, 472 B.R. 839, 853–54 (D.N.M. 2012) (holding the same and noting that "[o]nly by requiring any potential plaintiff to always start in the bankruptcy court . . . can the process, and trustees, most consistently be protected"). The *Barton* doctrine must therefore bar any suit initially filed in state court without the appropriate pre-authorization regardless of whether (a) the complaint states a valid claim or (b) the defendant moved to dismiss the action immediately in state court, after removal to a district court, or after removal to a bankruptcy court. *In re Summit Metals*, 477 B.R. at 498 ("While the *Barton* doctrine alone provides adequate ground for dismissal" despite removal to the bankruptcy court, "the Court holds, *alternatively*, that even if leave of court could apply retroactively, [Plaintiff's] Complaint fails to establish a *prima facie* case against the Trustee and will be dismissed . . . ." (emphasis added)). Further, even assuming arguendo that a bankruptcy judge has discretion under the *Barton* doctrine to permit a removed case to proceed if the complaint states a valid claim, Plaintiff's Complaint did not state a valid claim because its claims were barred by the applicable statute of limitations. *See infra*. Judge Kenney therefore properly recommended dismissal of Plaintiff's Complaint under the *Barton* doctrine.

Judge Kenney also properly found that the statute of limitations began to run on the date the underlying bankruptcy action was dismissed. When the bankruptcy case was dismissed on December 7, 2012, the estate reverted back to Plaintiff's control and management. 11 U.S.C. § 349(b)(3). While the Trustee was not discharged on December 7, 2012, after that date his authority was limited to performing ministerial duties. *See* Dismissal Order (directing the Trustee

3

to make specified payments). Hence, after the bankruptcy case was dismissed on December 7, 2012, there was no longer any concern about a filing by Plaintiff "interfering with the Trustee's administration of the estate" and Plaintiff would have had standing to request leave of court to file the present suit.[2] Therefore, even assuming arguendo that the statute of limitations should be tolled because of the appointment of the Trustee and the bankruptcy court's orders related to Plaintiff's standing, Plaintiff's Complaint would be time barred because the Sleeper Suit was filed more than two years after December 7, 2012.

Having found good cause to **ADOPT** Judge Kenney's thorough R&R,[3] the Court **ORDERS** that Plaintiff's Complaint is hereby **DISMISSED** for lack of compliance with the *Barton* doctrine and as time barred under the applicable statute of limitations. The Court further **ORDERS** that if Defendant still seeks sanctions, including attorneys' fees, Defendant shall file a motion and opening brief on that issue within thirty (30) days of the date of this Order.

It is **SO ORDERED**.

March 15, 2019  
Alexandria, Virginia

Liam O'Grady  
United States District Judge

---

[2] Plaintiff argues that it was denied standing until the Trustee was fully discharged based on several of Judge Kenney's orders, but Judge Kenney's interpretation of his own orders are entitled to deference. *Warnick v. Arrowsmith*, 2017 WL 2999025, at *3 (E.D. Va. July 14, 2017) ("If a bankruptcy court's order contains 'any ambiguity or obscurity,' a bankruptcy court's interpretation of its own order, including an opinion accompanying the order, receives 'substantial deference.'" (citing *In re Tomlin*, 105 F.3d 933, 940–41 (4th Cir. 1997), for holding that "[t]he bankruptcy court was 'in the best position to interpret its own orders.'")).

[3] The Court further agrees with Judge Kenney that, having found the Complaint should be dismissed under the *Barton* doctrine and as time barred, the Court need not reach the other arguments raised by Defendant in the Motion to Dismiss.

4